# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | |
|---|---|
| UNIVERSAL PROPERTY AND CASUALTY INSURANCE COMPANY, <br>     Plaintiff, <br> vs. <br> JOSETTE MELENDEZ-GRANT, <br>     Defendant. | Civil Action No. 2:12-cv-02660-DCN <br><br> **COMPLAINT** |

Plaintiff Universal Property and Casualty Insurance Company, complaining of the Defendant above named, would allege and show unto this Honorable Court as follows:

## Jurisdiction

1. Plaintiff is an insurance company organized and existing under the laws of the state of Florida, with its principal place of business being located in the State of Florida.

2. Plaintiff is authorized to issue property casualty insurance policies in the State of South Carolina.

3. Defendant is an individual residing in Dorchester County, South Carolina.

4. The subject matter of this litigation involves an insurance policy covering property located in Dorchester County.

5. The amount in controversy, exclusive of attorney's fees and interest, exceeds $75,000.

6. This Court has jurisdiction over the parties to this action.

7. This Court has jurisdiction over the subject matter of this action.

8. Venue is proper in the Charleston Division.

## Facts

9. On or about June 28, 2012, for valuable consideration in the form of premiums, Plaintiff issued to Defendant Josette Melendez-Grant that certain homeowners' insurance policy, bearing policy number 6701-1200-0521, insuring Defendant's home and contents located at 516 Renau Street, Summerville (hereafter, the "Subject Policy" which is attached hereto and incorporated herein as Exhibit "A").

10. On or about July 5, 2012, Defendant suffered a fire loss at her home located at 516 Renau Street, Summerville (hereafter, "the Fire Loss").

11. Plaintiff thoroughly investigated the Fire Loss.

12. During the course of Plaintiff's investigation, Plaintiff became aware of various facts which were inconsistent with Plaintiff's claims regarding the Fire Loss.

13. Additionally, Defendant submitted a false and fraudulent claim for benefits for the Fire Loss under the Subject Policy, including, but not limited to her actions in:

   (a) Either procuring or aiding and abetting in the procurement of the Fire Loss;

   (b) Misrepresenting where she was at the time of the Fire Loss;

   (c) Misrepresenting who she was with at the time of the Fire Loss;

   (d) Misrepresenting the cause of the Fire Loss; and

   (e) Misrepresenting other facts related to the Fire Loss.

14. Following Plaintiff's investigation of the Fire Loss, Plaintiff denied the claim based on Defendant's fraudulent actions both before and after the Fire Loss.

### FOR A FIRST CAUSE OF ACTION
*(Declaratory Judgment Action)*

15. The foregoing allegations of this Complaint are incorporated herein by reference as if set forth herein *verbatim*.

16. Plaintiff brings this action pursuant to S.C. Code Ann. §-53-10 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

17. As a result of Defendant's misrepresentations, Plaintiff is entitled to a judgment of this Court declaring the parties' rights and obligations under the Subject Policy. Specifically, plaintiff seeks a judgment barring any right of payment under the Subject Policy for the Fire Loss, as well as a judgment in favor of Plaintiff for costs of the investigation, attorney's fees and costs associated therewith, and consequential damages.

## *FOR A SECOND CAUSE OF ACTION*
### *(Breach of Contract)*

18. The foregoing allegations of this Complaint are incorporated herein by reference as if set forth herein *verbatim.*

19. At all times relevant to the claims set forth herein and in Plaintiff's Complaint, Plaintiff owed to Defendant a duty of good faith and fair dealing.

20. As a result of the above-described actions, conduct and misrepresentations, Defendant has breached the Subject Policy, including the implied covenant of good faith and fair dealing, both before and after the Fire Loss.

21. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and consequential damages, as well as attorney's fees, which otherwise would not have been incurred.

## *FOR A THIRD CAUSE OF ACTION*
### *(Bad Faith)*

22. The foregoing allegations of this Complaint are incorporated herein by reference as if set forth herein *verbatim.*

23. As a result of the above-described misrepresentations, Defendant has breached the implied covenant of good faith and fair dealing and has committed bad faith under the Subject Policy, both before and after the Fire Loss.

24. As a further direct and proximate result of Defendant's bad faith, Plaintiff is entitled to judgment against Defendant for actual damages and punitive damages in an amount to be determined by the fact finder.

### FOR A FOURTH CAUSE OF ACTION
### *(Fraud in the application)*

25. The foregoing allegations of this Complaint are incorporated herein by reference as if set forth herein *verbatim*.

26. Defendant made several misrepresentations in the application for insurance with Plaintiff, including but not limited to:

    (a) Defendant represented that she was not subject to any judgments in the 60 months prior to the application for insurance dated June 28, 2012; and

    (b) Defendant represented that her driver's license had not been suspended in the 60 months prior to the application for insurance dated June 28, 2012.

27. The above statements were false when made.

28. Defendant knew the above statements were false.

29. The above statements are material to the risk insured by Plaintiff under the Policy.

30. Plaintiff relied on the statements made by Defendant in issuing the Policy.

31. The above statements were made with the intent to deceive and defraud Plaintiff.

32. As a direct and proximate result of Defendant's misrepresentations, Plaintiff is entitled to a rescission of the Policy and a declaration that the Policy is void *ab initio*.

33. As a direct and proximate result of Defendant's misrepresentations contained in the application, Plaintiff has suffered actual and consequential damages, as well as attorney's fees, which otherwise would not have been incurred.

WHEREFORE, Plaintiff prays for the following relief:

(a) Judgment of the Court declaring the parties' rights and obligations under the insurance policy and finding no obligation of the Plaintiff to pay for the Fire Loss under the Subject Policy and for actual, consequential damages and attorney's fees and costs;

(b) Judgment against Defendant for breach of contract for actual damages in an amount to be determined, and finding no obligation of the Plaintiff to pay for the Fire Loss under the Subject Policy and for actual, consequential damages and attorney's fees and costs;

(c) Judgment against Defendant for bad faith for actual, consequential and punitive damages in an amount to be determined, as well as attorney's fees and costs;

(d) Judgment against Defendant rescinding the policy on grounds of misrepresentation in the application, as well as attorney's fees and costs; and

(e) For other and such further relief as the Court deems just and proper.

s/R. Bruce Wallace
Bradish J. Waring           Fed ID No. 4523
R. Bruce Wallace            Fed ID No. 7018

Nexsen Pruet, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
Bwaring@nexsenpruet.com
BWallace@nexsenpruet.com

Attorneys for Plaintiff
UNIVERSAL PROPERTY AND CASUALTY INSURANCE COMPANY

September __, 2012

NPCHAR1:1002962.1