# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| UNIVERSAL PROPERTY AND CASUALTY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) JOSETTE MELENDEZ-GRANT, ) ) Defendant. ) ) | No. 2:12-cv-02660-DCN  **ORDER** |

This matter is before the court on plaintiff Universal Property and Casualty Insurance Company's (Universal) motion for default judgment against defendant Josette Melendez-Grant. For the reasons stated below, the court grants default judgment against defendant.

## I. BACKGROUND

On July 5, 2012, defendant suffered a fire loss at her home in Summerville, South Carolina. Defendant had purchased a homeowners' insurance policy from Universal on June 28, 2012. In its investigation of the fire loss, Universal discovered inconsistencies in defendant's claims regarding the fire loss. Universal ultimately denied defendant's claim.

Universal filed a complaint on September 14, 2012, bringing claims for declaratory judgment, breach of contract, bad faith, and fraud in the application. The summons was returned executed on October 9, 2012, with a service date of September 20, 2012. A process server indicated that she provided substitute service on a son of

1

defendant that resided in her home. See ECF No. 5. Because defendant failed to plead or otherwise defend within 21 days, on October 12, 2012, Universal filed a motion for entry of default. The clerk entered default on October 15, 2012.

On January 28, 2013, Universal filed a motion for default judgment. The next day, the court scheduled a hearing on the motion for February 15, 2013 at 11:00 a.m. The hearing was later rescheduled for February 21, 2013 at 10:30 a.m. Defendant appeared at the hearing without counsel. The court allowed defendant to retain counsel within two weeks and to file a motion for relief from default by April 1, 2013. Defendant did not file a motion by the deadline.

On April 3, 2013, the court scheduled a status conference for April 29, 2013 at 10:00 a.m. Two notices were sent by certified mail to the addresses provided by defendant. The first notice was returned as undeliverable, but the second was signed by defendant. Defendant appeared at the status conference and told the court that she was still proceeding pro se. The court informed defendant that it would hold one final hearing.

The court scheduled another hearing on defendant's motion for default judgment and damages for May 31, 2013 at 10:00 a.m. Notice of the hearing was sent by certified mail. Defendant appeared at the hearing, at which she testified on her behalf, presented a witness, and cross-examined Universal's witnesses. The motion for default judgment is now ripe for disposition.

## II.   STANDARDS

Rule 55 of the Federal Rules of Civil Procedure allows the court clerk to enter default against a defendant who fails to plead or otherwise defend.  Rule 55(b)(2) provides that when a claim is not for a sum certain, the plaintiff must apply to the court for a default judgment.  The court, in its discretion, may conduct a hearing to determine the amount of damages to be awarded.  See Fed. R. Civ. P. 55(b)(2)(B).  The court held a damages hearing on May 31, 2013.

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."  S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 422 (D. Md. 2005).  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  This is a diversity action.  In South Carolina, "Actual damages are awarded to a litigant in compensation for his actual loss or injury."  Austin v. Specialty Transp. Servs., Inc., 594 S.E.2d 867, 873 (S.C. Ct. App. 2004).  Such damages "include compensation for all injuries which are naturally the proximate result of the alleged wrongful conduct of the defendant."  Id.

## III.   DISCUSSION

Although she has not filed a motion or other pleading, defendant questions the effectiveness of service of process by Universal.

Federal Rule of Civil Procedure 4(e) provides several options for service on an individual.  Among these options, an individual may be served by leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age and discretion who resides there.  Fed. R. Civ. P. 4(e)(2).

On September 20, 2012, a process server delivered copies of the summons and complaint to one of defendant's three sons at defendant's residence in Summerville, South Carolina. According to Universal, service was made on defendant's 14 year old son. At the hearing, Universal called Tonia Wolfson, an experienced process server and private investigator with Blazer Investigative & Security Consultants who has personally served hundreds of complaints and overseen service of thousands of complaints. Ms. Wolfson explained the circumstances surrounding service on defendant. She stated that when she arrived at defendant's home around 9:00 p.m. on September 20, 2012, she was approached by two of defendant's three boys. A 14 year old boy, P.J., identified himself and stated that he lived at the residence.[1] An 11 year old boy, D.J., was also present. A third boy was reported to be asleep inside the home. Ms. Wolfson asked if the boys' mother was home but was told she was at work.

Ms. Wolfson states that she spoke with P.J. and found he was mature and understood the importance of giving the legal papers to his mother. Her testimony establishes that she served the summons and complaint on an individual of suitable age and discretion that resided at defendant's place of residence. Therefore, service was effective. See Metro. Life Ins. Co. v. Hunter, No. 12-cv-01009, 2013 WL 2156326, at *2 (E.D. Va. May 15, 2013) (service on defendant's 16 year old son was proper under Rule 4(e)(2)); De George v. Mandata Poultry Co., 196 F. Supp. 192, 193 (E.D. Pa. 1961) (same as to 16 year old daughter); MCC Fin. Servs. v. Duffel, 220 S.E.2d 127, 128 (S.C. 1975) (service on defendant's 15 year old son was proper under South Carolina law); 91 A.L.R.3d 827 (2013) (collecting cases in which "individuals ranging in years from 13 to

---

[1] According to Ms. Wolfson, P.J. stated he was 15 years old, rather than 14.

20 were held to be within the purview of statutes or rules relating to substituted service by delivery of process to a 'person of suitable age and discretion'").

Defendant presents a different version of events. According to defendant, Ms. Wolfson did not actually speak with P.J., but only spoke with her son D.J., who was 11 years old at the time. D.J. testified at the hearing and stated that he spoke with the process server for approximately fifteen minutes outside of his home. D.J.'s testimony revealed that he is a bright young man that understood he needed to get the legal papers to his mother. Based on D.J.'s articulate testimony, the court finds that even under defendant's version of events, service was proper by being made on D.J.

The court will now consider damages. A defendant in default concedes the factual allegations of the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). The court finds that Universal's allegations, taken as true, establish defendant's liability.

Universal issued a policy insuring defendant's home on June 28, 2012. The policy's dwelling coverage had a policy limit of $370,000 and the personal property coverage limit was over $130,000. Defendant alleged that she suffered a covered fire loss on July 5, 2012, only 7 days after the policy issued. Universal investigated the fire loss by conducting a cause and origin investigation, interviewing defendant, and assigning an independent adjuster to the claim. Following the initial investigation, Universal paid $5,000 in additional living expenses to defendant, subject to a reservation of rights.

Universal's investigators noted some inconsistences in the interview of defendant and requested that defendant submit to an examination under oath. Following the examination, Universal retained a private investigator to interview several individuals identified by defendant in the examination. Based on the examination, the interviews, and the cause and origin report, Universal determined that defendant had provided fraudulent information in her claim, as well as material, false information in her policy application. Universal denied the claim and voided the insurance policy <u>ab initio</u>, refunding the entire premium to defendant.

Based on the testimony at the hearing and due to defendant's fraudulent misrepresentations both before and after the fire loss, the court finds that Universal has incurred the following actual damages:

- $5,000.00 for payments of additional living expenses;
- $1,600.00 for conducting an investigation and discovering the cause and origin of the fire;
- $5,000.00 for hiring a private investigator; and
- $7,054.00 in attorney's fees.

The court awards damages to Universal in the amount of $18,654.00.

## IV.   CONCLUSION

Based on the foregoing, the court **GRANTS** default judgment against defendant in the amount of $18,654.00 in actual damages, plus prejudgment interest at the applicable rate. The court also **GRANTS** declaratory relief and declares that the subject insurance policy is void <u>ab initio</u> and may be rescinded.

AND IT IS SO ORDERED.

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**July 11, 2013**
**Charleston, South Carolina**

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

7